

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AVIN INTERNATIONAL BUNKERS SUPPLY S.A.,
                                                                    08 CV _____
                        Plaintiff,
                                                                    ECF CASE
        - against -

PENINSULA PETROLEUM LTD.,

                        Defendant.
------------------------------------------------------------X
```

## VERIFIED COMPLAINT

Plaintiff, AVIND INTERNATIONAL BUNKERS SUPPLY S.A.., (hereafter referred to as "Avin" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, PENINSULA PETROLEUM LTD. ("Peninsula" or "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract for supply of marine fuel oil. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 et seq.) and/or the Federal Arbitration Act (9 U.S.C. § 1 et seq.).

2. At all times material to this action, Plaintiff was, and still is, a Panama, and with a place of business at Athens, Greece, and was at all material times a seller and supplier of marine fuel.

3. Upon information and belief, Defendant Peninsula was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of

England with a place of business at London, England and was at all material times the purchaser of marine fuel oils under a contract dated October 19, 2007 for supply to the M/V OMEGA LADY MIRIAM.

4. Under the terms of the October 19, 2007 contract, Avin agreed to sell and Peninsula agreed to purchase 1,440 metric tons of marine fuel oil for a purchase price of $435.00 per metric ton, for a total purchase price of $626,400.

5. On October 27, 2007, Avin duly furnished the marine fuel oil to the Vessel and otherwise performed all obligations on its part to be performed pursuant to the October 19, 2007 contract.

6. Avin duly presented an invoice to Peninsula dated November 7, 2007 reflecting the outstanding amount of $626,400 due and owing by Peninsula to Avin.

7. Despite due demand, Peninsula has failed and refused to pay the amounts due an owing to Avin as above described.

8. As a result of Peninsula's breach of the October 19, 2007 contract, Avin has suffered damages in the total principal amount of $626,400 exclusive of interest, arbitration costs and attorneys fees.

9. Pursuant to Avin's 2007 Standard Supply Terms, which were incorporated by reference in the October 19, 2007 contract, disputes between the parties are to be submitted to arbitration in London subject to English law. Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Peninsula.

10. This action is brought in order to obtain jurisdiction over Peninsula and also to obtain security for Avin's claims and in aid of arbitration proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery3of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Avin expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---:|
| A. | Principal claim – | $626,400.00 |
| B. | Estimated interest on claim - 2 years at 8% compounded quarterly: | $107,527.44 |
| C. | Estimated arbitration costs: | $ 10,000.00 |
| D. | Estimated attorneys' fees and expenses: | $100,000.00. |
| **Total:** | | **$843,927.44** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:   January 18, 2008
         New York, NY

                            The Plaintiff,
                            AVIN INTERNATIONAL BUNKERS SUPPLY S.A.


                            By: _____
                            Patrick F. Lennon
                            Nancy R. Peterson
                            LENNON, MURPHY & LENNON, LLC
                            420 Lexington Avenue, Suite 300
                            New York, NY 10170
                            (212) 490-6050 - phone
                            (212) 490-6070 – facsimile
                            pfl@lenmur.com
                            nrs@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )  ss.:  City of New York
County of New York   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    January 18, 2007
          New York, NY

                                            _____
                                            Nancy R. Peterson